UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TEXAS ROADHOUSE, INC., TEXAS ROADHOUSE HOLDINGS LLC, and TEXAS ROADHOUSE MANAGEMENT CORP., d/b/a TEXAS ROADHOUSE<br><br>Plaintiffs,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Defendant. | Civil Action No.:  3:14-CV-652-M<br><br>*Electronically Filed* |

**COMPLAINT FOR INJUNCTIVE RELIEF**

**INTRODUCTION AND BACKGROUND**

On January 21, 2009, President Barack Obama issued a Memorandum to the heads of all Executive Departments and Agencies, stating as follows:

> "A democracy requires accountability, and accountability requires transparency. As Justice Louis Brandeis wrote, 'sunlight is said to be the best of disinfectants.' In our democracy, the Freedom of Information Act (FOIA), which encourages accountability through transparency, is the most prominent expression of a profound national commitment to ensuring an open Government. At the heart of that commitment is the idea that accountability is in the interest of the Government and the citizenry alike. *The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails*. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. Nondisclosure should never be based on an effort to protect the personal interests of Government officials at the expense of those they are supposed to serve. *In responding to requests under the FOIA, executive branch agencies (agencies) should act promptly and in a spirit of cooperation, recognizing that such agencies are servants of the public. All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government*. The presumption of disclosure should be applied to all

> decisions involving FOIA. *The presumption of disclosure also means that agencies should take affirmative steps to make information public.* They should not wait for specific requests from the public. All agencies should use modern technology to inform citizens about what is known and done by their Government. Disclosure should be timely."

-- President Barack Obama, Jan. 21, 2009, 74 F.R. 4683, Memorandum provided to Heads of all Executive Departments and Agencies; (*Emphasis added*).

1.  It has been more than six years since President Obama, in his first day as President of the United States, directed all federal agencies to support the letter and spirit of the Freedom of Information Act ("FOIA") -- to "adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA." Yet more than six years later, the Equal Opportunity Employment Commission ("EEOC"), as the Complaint below spells out and the attachments to the Complaint prove, has indisputably violated explicit provisions of FOIA and its own regulations. And it has also done so in disregard of the spirit and the letter of President Obama's unambiguous directive.

2.  On August 27, 2012, the EEOC filed an Amended Complaint against Texas Roadhouse, Inc., Texas Roadhouse Holdings LLC, and Texas Roadhouse Management Corp. (collectively, "Texas Roadhouse") in U.S. District Court in Massachusetts, alleging that Texas Roadhouse illegally discriminated on a nationwide basis against applicants 40 years and older in hiring for "front of the house" (host, server, server assistant, and bartender) positions. These positions primarily consist of night and weekend shifts, where employees wear jeans and t-shirts and may be required to line dance during their shifts. Texas Roadhouse denies these allegations by the EEOC and is confident they will be rejected at trial.

3.  The EEOC recently admitted in court that it began its investigation leading to the filing of the case without any complaint from anyone 40 or over who claimed they had suffered discrimination due to their age in applying for a front-of-house position at Texas Roadhouse.

2

When asked to explain why the EEOC initiated its investigation, according to the public transcript of an August 2014 hearing, the EEOC attorney responded: "So we don't need -- we don't -- and don't have to tell them and we don't need to tell them. And it's irrelevant."

4. Shortly after filing its lawsuit against Texas Roadhouse, EEOC attorneys began making false and misleading public statements on the internet and at public gatherings, presenting as fact (as opposed to an allegation not yet proven in court) that Texas Roadhouse had engaged in nationwide, systemic, illegal age discrimination. Texas Roadhouse also has reason to believe that the EEOC has used Texas Roadhouse's trademarked logo without its authorization. On July 11, 2014, Texas Roadhouse's attorneys asked the Chair and General Counsel of the EEOC to order their attorneys to cease and desist from making prejudicial public statements about Texas Roadhouse before trial, and from using Texas Roadhouse's trademarked logo. To date, Texas Roadhouse has received no response.

5. It is in this context that Texas Roadhouse exercised its independent rights under FOIA and made written requests for all EEOC records concerning: (1) how much tax money has been expended by the EEOC on this investigation and lawsuit to date; (2) the investigations and complaints leading to the filing of the case against Texas Roadhouse; and (3) certain media statements made about the case by EEOC employees.

6. Provisions of FOIA state in plain language a deadline of 20 business days from receipt of the FOIA request for the EEOC to respond and to make a determination as to whether it would grant the FOIA request or deny it under exemptions specifically set out in the law, with an additional 10 business days available if the EEOC could show that one of three unusual circumstances spelled out in the law were present. To get this additional 10 days, however, the EEOC's own regulations state that the appropriate EEOC official must, within the statutory 20

3

business day period, issue to the requester a brief written statement of the reason for the delay and an indication of the date on which it is expected that a determination as to disclosure will be forthcoming.

7. As discussed below, two of these requests for agency records under FOIA were sent on July 14 and July 26. 2014, respectively, and were acknowledged as received by the appropriate FOIA-designated EEOC official shortly thereafter. The EEOC received the August 25, 2014 FOIA request on August 26, 2014, but has never acknowledged its receipt. The undisputed facts in the record, as set forth in the Complaint and the attached correspondence, demonstrate beyond dispute that the EEOC ignored the plain language of FOIA, its own regulations, and a direct mandate from President Obama.

8. As of the date of the filing of this lawsuit by Texas Roadhouse -- September 30, 2014 -- no documents have been produced for any of the three requests. Not one page.

9. In other words, simply put: The very agency that has attempted to enforce the law against discrimination -- by launching an unprovoked attack against Texas Roadhouse, then waging a media campaign declaring Texas Roadhouse guilty before a single day, indeed, a single minute, in court on the merits -- is defying the law applicable to it, and the President's explicit directions. This cannot stand in a society governed by fundamental principles of fairness, due process, and the rule of law.

### IN GENERAL: EEOC VIOLATIONS OF FOIA

10. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records, concerning: (i) an accounting of all funds spent by the EEOC investigating and litigating *EEOC v. Texas Roadhouse, Inc. et al.*, Civil Action No. 11-cv-11732 (D. Mass. 2011); (ii) all EEOC files related to any age-based discrimination investigations,

charges, or complaints since January 1, 2007, involving Texas Roadhouse; and (iii) all documents showing instances where current or former Commissioners, employees, agents, lawyers, or other representatives of the EEOC made any public statements involving Texas Roadhouse.

11. Pursuant to 28 U.S.C. § 2201, upon the filing of an appropriate pleading, the Court may declare the rights and other legal relations of any interested party seeking a declaration and any such declaration shall have the force and effect of a final judgment or decree and, under 5 U.S.C. § 552(a)(4)(B) this Court may enjoin the EEOC from withholding agency records required to be produced under FOIA and order the production of such records improperly withheld.

12. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

13. Venue lies in the Western District of Kentucky pursuant to 5 U.S.C. § 552(a)(4)(B), in that the Plaintiffs reside within that district.

14. Plaintiff Texas Roadhouse, Inc. ("TRI"), is a Delaware corporation with its principal executive office in Louisville, Kentucky. TRI and its subsidiaries operate restaurants primarily under the Texas Roadhouse name.

15. Plaintiff Texas Roadhouse Holdings LLC ("Holdings"), is wholly-owned subsidiary of TRI, and provides supervisory and administrative services for certain other franchise Texas Roadhouse restaurants.

16. Plaintiff, Texas Roadhouse Management Corporation d/b/a Texas Roadhouse ("Management Corp."), is a wholly-owned subsidiary of TRI, and provides management services to TRI, its wholly-owned subsidiaries, and its subsidiaries in which TRI owns more than a 50 percent interest and certain other franchise Texas Roadhouse restaurants.

17. Plaintiffs TRI, Holdings, and Management Corp., are collectively known herein as "Texas Roadhouse" or "Plaintiffs". Plaintiffs made the requests under FOIA referenced in this action and attached hereto as Exhibits through counsel on behalf of these three entities.

18. Defendant EEOC is an agency of United States, as that term is defined at 5 U.S.C. §551. The EEOC has possession of and control over all of the agency records that Plaintiffs seek.

19. Plaintiffs seek records of all funds spent by the EEOC investigating and litigating *EEOC v. Texas Roadhouse*, *Inc. et al.*, Civil Action No. 11-cv-11732 (D. Mass. 2011) (Count I).

20. Plaintiffs seek all EEOC records related to any age-based discrimination investigations, charges, or complaints since January 1, 2007, involving Texas Roadhouse (Count II).

21. Plaintiffs seek all records related to all instances where the EEOC or its representatives made public statements involving Texas Roadhouse, including prejudicial, false, or misleading statements, prior to trial and in violation of Texas Roadhouse's due process rights. (Count III).

## The Pertinent Provisions of FOIA

22. Requests for information made under FOIA are subject to specific time frames for responses, and the substance of such responses, imposed on the EEOC and any other federal agency subject to FOIA. Specifically under 5 U.S.C. § 552(a)(6)(A)(i), the agency must notify the requester within 20 calendar days of receipt of the request for information (excepting Saturdays, Sundays, and legal public holidays) of its "determination *and the reasons therefor*" whether the agency will comply with the request (and the right to appeal to the head of the agency if there is an "adverse determination"). If the agency does not respond within 20

6

business days of receipt of the request, it may obtain an extension of time, relevant to this case, under two circumstances: (i) a request to the requester for information (e.g., to clarify the request) -- in which case the 20-day deadline is tolled while awaiting such information; and (ii) an additional 10 days (but no more than 20 days) if the appropriate FOIA agency official under three specific "unusual circumstances" as set forth in 5 U.S.C. §§ 552(a)(6)(B)(i)-(iii):

 (i) the need to search for and collect the requested records from field facilities of other establishments that are separate from the office processing the request;

 (ii) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or

 (iii) the need for consultation, which shall be conducted with all predictable speed, with another agency having a substantial interest in the determination or among two or more components of the agency having substantial subject-matter interest therein.

 23. EEOC regulations explicitly require that the invocation of any of these reasons for an additional ten-day extension beyond the 20-day statutory deadline for making a "determination" requires issuance of a "brief written statement of the reason for the delay and an indication of the date on which it is expected that a determination as to disclosure will be forthcoming...." 29 C.F.R. §§ 1610.9 (d), (e).

 24. On information and belief, the EEOC has violated these regulations and the provision of the statute for making the determination within 20 days, or for explaining in writing the reasons for the need for an additional 10 days due to "unusual circumstances," and if it had established in writing the reasons for such 10-day delay, it failed to comply with the requirements of the regulation and, in any event, no documents at all have been produced whether within the 20 days-time period, the 30 days-time period including the "unusual

circumstances" explanation, or any other reason for non-production of the documents on a timely basis under the law.

## COUNT I

**DECLARATORY JUDGMENT REGARDING THE EEOC'S RECORDS CONCERNING AN ACCOUNTING OF ALL FUNDS SPENT BY THE EEOC INVESTIGATING AND LITIGATING CIVIL ACTION NO. 11-CV-11732 (D. MASS. 2011)**

25. Plaintiffs incorporate and re-allege paragraphs 1-24, above.

26. On July 14, 2014, Plaintiffs made a FOIA request to the EEOC "for an accounting of all funds spent by the EEOC investigating and litigating" *EEOC v. Texas Roadhouse, Inc. et al.*, Civil Action No. 11-cv-11732 (D. Mass. 2011) (the "Funds Request" attached at Exhibit A).

27. On July 24, 2014, Plaintiffs received a letter from the EEOC acknowledging the FOIA request had been "received by the Office of Legal Counsel on July 15, 2014[.]" *See* Exhibit B. The EEOC assigned the FOIA request an administrative number 820-2014-204410. The EEOC stated that it would issue a determination on or before August 12, 2014.

28. By August 26, 2014, Plaintiffs had not received a determination from the EEOC regarding the Funds Request.

29. On August 26, 2014, Plaintiffs sent the EEOC an e-mail requesting that the EEOC "advise us as to the status of this request and determination." *See* Exhibit C.

30. On August 26, 2014, the EEOC e-mailed Plaintiffs regarding the Funds Request and stated: "This request has been extended due to search of information. I will email you an extension letter with the new date. It should be completed this week." *See* Exhibit C.

31. Plaintiffs have never received an extension letter from the EEOC regarding the Funds Request. In short, the provisions of the FOIA statute and its own EEOC violations were violated as to substance required and timing.

32. On September 4, 2014, Plaintiffs sent another e-mail to the EEOC stating "Since we have still not received additional information, or correspondence regarding this request, we request to know whether the EEOC's extension letter or response has been sent, or whether a new deadline has been set, and if so, what the deadline is." *See* Exhibit D.

33. On September 5, 2014, the EEOC e-mailed Plaintiffs and requested clarification as to the word "funding" in the Funds Request. *See* Exhibit D. The word "funding" was not in the Funds Request (#820-2014-204410.), which had requested "an accounting of all funds spent by the EEOC investigating and litigating" the matter. *See* Exhibit A.

34. In an attempt to assist the EEOC, on September 5, 2014, Plaintiffs responded to the EEOC and offered an additional explanation of their Funds Request. Plaintiffs' response stated "As a point of clarification, the FOIA request is not about "funding" but instead seeks to know the funds that have been spent on the specified case." *See* Exhibit D.

35. On September 5, 2014, the EEOC e-mailed Plaintiffs and stated that the EEOC was continuing to search for records responsive to the Funds Request and "As soon as this information is made available, we will be in communication with you." *See* Exhibit E.

36. On September 18, 2014, the Plaintiffs sent yet another inquiry letter to the EEOC requesting the documents responsive to Funds Request. After Plaintiffs' follow up email correspondence on September 22, 2014, stating "Since we haven't heard anything about these pending FOIA requests… we were wondering if you could provide us with an update as to the progress of collecting the necessary information and when we can expect a response, if such an estimation is possible[.]" *See* Exhibit F. Defendant informed Plaintiffs that it was still gathering information. *See* Exhibit G.

37. Defendant, to date, has failed to provide either a determination regarding, or the

9

documents responsive, to Plaintiffs' Funds Request. Thus, Plaintiffs are deemed to have exhausted their administrative remedies. *See* 5 U.S.C. § 552(a)(6)(c)(i).

38. Upon information and belief, the EEOC has in its possession and control records responsive to Plaintiffs' the Funds Request. Plaintiffs have a statutory right to the records sought, and there is no legal basis for EEOC's refusal to release them. Defendant EEOC's failure to release the requested information violates the FOIA, 5 U.S.C. § 552(a).

39. Accordingly, an actual controversy between the parties exists and needs to be immediately resolved with respect to whether the EEOC violated the FOIA, 5 U.S.C. § 552, and, if so, whether Defendant must provide the requested documents to the Plaintiffs.

40. Plaintiffs, therefore, respectfully request that this Court issue a declaration that the aforementioned acts constitute a violation of the FOIA, 5 U.S.C. § 552, and, as a result, the EEOC must provide the requested electronic documents to Plaintiffs.

## COUNT II

**DECLARATORY JUDGMENT REGARDING THE EEOC'S RECORDS CONCERNING DOCUMENTS RELATED TO ANY EEOC AGE-BASED DISCRIMINATION INVESTIGATIONS, CHARGES OR COMPLAINTS SINCE JANUARY 1, 2007, INVOLVING TEXAS ROADHOUSE**

41. Plaintiffs incorporate and re-allege paragraphs 1-40, above.

42. On July 25, 2014, Plaintiffs made a FOIA request to the EEOC for "all copies of all files related to any age-based discrimination investigations, charges, or complaints involving" Plaintiffs (the "Investigative Information Request" attached at Exhibit H).

43. On August 26, 2014, Plaintiffs received a letter from the EEOC acknowledging the Investigative Information Request. *See* Exhibit I. The EEOC assigned the FOIA request an administrative number (820-2014-204564). The EEOC stated that it was extending the response date by ten (10) working days due to "unusual circumstances" as a result of "the need to search

for and collect the requested records, if any exist, from field offices or other establishments that are separate from this office." The EEOC stated that it would issue a determination on or before September 9, 2014. *See* Exhibit I

44. On September 10, 2014, Plaintiffs had still not received a determination from the EEOC.

45. On September 18, 2014, the Plaintiffs sent an inquiry letter to the EEOC stating that Plaintiffs were writing "this letter following up on [the Funds Request and the Investigative Records Request] for information submitted to the EEOC" in July and August 2014. *See* Exhibit F. After Plaintiffs' follow up email correspondence on September 22, 2014, Defendant informed Plaintiffs had "the majority of the information and [were] currently preparing the requested information. We apologize for the delay, we have to collect information from different departments of the agency, which sometimes takes longer than anticipated." *See* Exhibit G.

46. Defendant failed to provide a determination within the time periods set forth at 5 U.S.C. § 552(a)(6)(A) to Plaintiffs' Investigative Information Request. Thus, Plaintiffs are deemed to have exhausted their administrative remedies. *See* 5 U.S.C. § 552(a)(6)(c).

47. Upon information and belief, the EEOC has in its possession and control records responsive to Plaintiffs' Investigative Information Request. Plaintiffs have a statutory right to the records sought, and there is no legal basis for EEOC's refusal to release them. Defendant EEOC's failure to release the requested information violates the FOIA, 5 U.S.C. § 552(a).

48. Accordingly, an actual controversy between the parties exists and needs to be immediately resolved with respect to whether the EEOC violated the FOIA, 5 U.S.C. § 552, and, if so, whether Defendant must provide the requested documents to the Plaintiffs.

49. Plaintiffs, therefore, respectfully request that this Court issue a declaration that the

aforementioned acts constitute a violation of the FOIA, 5 U.S.C. § 552, and, as a result, the EEOC must provide the requested electronic documents to Plaintiffs.

## COUNT III

### DECLARATORY JUDGMENT REGARDING THE EEOC'S RECORDS CONCERNING ITS PUBLIC STATEMENTS SINCE JANUARY 1, 2007, INVOLVING TEXAS ROADHOUSE

50. Plaintiffs incorporate and re-allege paragraphs 1-49, above.

51. On August 25, 2014, Plaintiffs made a FOIA request to the EEOC for "copies of all documents showing instances where a current or former Commissioners, employees, agents, lawyers, or other representative has of the EEOC made any public statement… that mentions, relates or refers to" Plaintiffs (the "Public Statements FOIA Request" attached at Exhibit J). The FOIA request was sent via overnight mail, and Defendant received this request on August 26, 2014.

52. Plaintiffs have not received any acknowledgment from the EEOC regarding the Public Statements FOIA Request.

53. As of September 24, 2014, Plaintiffs had still not received even a determination from the EEOC regarding the Public Statements FOIA Request.

54. Defendant failed to respond within the time periods set forth at 5 U.S.C. §552(a)(6)(A) to Plaintiffs' Public Statements FOIA Request. Thus, Plaintiffs are deemed to have exhausted their administrative remedies. See 5 U.S.C. § 552(a)(6)(c).

55. Upon information and belief, the EEOC has in its possession and control records responsive to Plaintiffs' Public Statements FOIA Request. Plaintiffs have a statutory right to the records sought, and there is no legal basis for EEOC's refusal to release them. Defendant EEOC's failure to release the requested information violates the FOIA, 5 U.S.C. § 552(a).

12

56.     Accordingly, an actual controversy between the parties exists and needs to be immediately resolved with respect to whether the EEOC violated the FOIA, 5 U.S.C. § 552, and, if so, whether Defendant must provide the requested documents to the plaintiffs.

57.     Plaintiffs, therefore, respectfully request that this Court issue a declaration that the aforementioned acts constitute a violation of the FOIA, 5 U.S.C. § 552, and, as a result, the EEOC must provide the requested electronic documents to Plaintiffs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs prays that this court:

(A)   Expedite the proceedings in this action;

(B)   Declare that Defendant's refusal to disclose the records requested by the Plaintiffs is unlawful;

(C)   Order the Defendant to make the requested records available to the Plaintiffs -- pursuant to authority under 5 U.S.C. § 552(a)(4)(B). to order production of improperly withheld documents and to enjoin withholding agency records required to be produced under FOIA;

(D)   Ask the Special Counsel, as provided in 5 U.S.C. § 552(a)(4)(F), to investigate the question of whether agency personnel have acted arbitrarily and capriciously and to impose disciplinary action if they have in this case,

(E)   Award costs and attorneys' fees related to this action;

(F)   Enjoin the Defendant from refusing to comply with subsequent requests for similar documents; and

(G)   Grant such other and further relief as the Court may deem just and proper.

Dated: September 30, 2014                    Respectfully submitted,

                                             By: /s/ *Stephen B. Pence*

                                             Stephen B. Pence
                                             Pence & Ogburn, PLLC
                                             Hurstbourne Place, Suite 1205
                                             9300 Shelbyville Road
                                             Louisville, Kentucky 40222
                                             (502) 736-6200
                                             (502) 736-6205 (facsimile)
                                             steve.pence@penceogburn.com

                                             *Attorneys for Defendants Texas Roadhouse, Inc., Texas Roadhouse Holdings LLC, and Texas Roadhouse Management Corp. d/b/a Texas Roadhouse*

## CERTIFICATE OF SERVICE

I, Stephen Pence, an attorney, do hereby certify that on this 30th day of September, 2014, I have caused a true and correct copy of the foregoing COMPLAINT FOR INJUNCTIVE RELIEF to be to be filed with the Clerk of the Court using the CM/ECF system and will send notification to the following via Certified Mail:

> The Hon. Jenny Yang
> U.S. Equal Employment Opportunity Commission
> Office of the Chair
> 131 M Street, N.E., Suite 5NW02E
> Washington, D.C. 20507
> 202-663-4001
> Email: jenny.yang@eeoc.gov

                                             */s/ Stephen B. Pence*
                                             Stephen B. Pence