UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14CV-00652-JHM

TEXAS ROADHOUSE, INC., TEXAS ROADHOUSE
HOLDING, LLC, AND TEXAS ROADHOUSE MANAGEMENT
CORP., D/B/A TEXAS ROADHOUSE                                                               PLAINTIFFS

V.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Equal Employment Opportunity Commission, to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. [DN 6]  Fully briefed, this matter is ripe for decision.

**I.  BACKGROUND**

Plaintiffs, Texas Roadhouse, Inc., Texas Roadhouse Holdings, LLC, and Texas Roadhouse Management Corp., d/b/a Texas Roadhouse ("Texas Roadhouse"), filed four separate Freedom of Information Act ("FOIA") requests with the Equal Employment Opportunity Commission ("EEOC") stemming from an age discrimination investigation of Texas Roadhouse by the EEOC.  The first three FOIA requests were filed on July 14, 2014, July 25, 2014, and August 25, 2014, requesting: (1) an accounting of all funds spent by the EEOC investigating and litigating EEOC v. Texas Roadhouse, Inc., et al., Civil Action No. 11-cv-11732 (D. Mass. 2011); (2) all EEOC files related to any age-based discrimination investigations, charges, or complaints since January 1, 2007, involving Texas Roadhouse; and (3) all documents showing instances where current or former commissioners, employees, agents, lawyers, or other representatives of

the EEOC made any public statements involving Texas Roadhouse. On September 30, 2014, Texas Roadhouse filed this declaratory judgment action under FOIA, 5 U.S.C § 522, alleging that the EEOC failed to issue a determination on Texas Roadhouse's three initial FOIA requests and failed to produce documents responsive to those requests within the required statutory time frame. On October 9, 2014, the EEOC issued determinations as to FOIA Requests 1 through 3 and produced some of the requested records.

On October 30, 2014, Texas Roadhouse submitted a fourth FOIA request seeking all records related to the EEOC's use of testers, its involvement in the MCAD Testers Project, salaries for all individuals who assisted in the investigation and the litigation against Texas Roadhouse, and records relating to the EEOC's hiring practices. By letter dated October 30, 2014, the EEOC acknowledged receipt of the fourth FOIA request, assigned it an administrative number, and stated that it would issue a determination by December 1, 2014. On November 5, 2014, the EEOC sent Plaintiffs a letter informing them that it would be unable to respond to Plaintiffs' request during the statutory time frame and offered Plaintiffs the opportunity to narrow the scope of the request. Texas Roadhouse represents that it declined to do so. The EEOC maintains that on November 26, 2014, it sent another letter to Plaintiffs estimating the cost associated with searching for responsive documents to the un-narrowed requests at over $24,500.00 and advised Plaintiffs that the EEOC would not process the request further until Plaintiffs notified it that they were willing to pay the fees incurred. On December 5, 2014, Texas Roadhouse represents that it still had not received the EEOC's determination about its fourth request and, as a result, amended its complaint to assert a claim against the EEOC.

The EEOC moves to dismiss the amended complaint, or in the alternative, for summary judgment arguing that (1) Plaintiffs' claims as to the first three FOIA requests are moot because

2

the EEOC has issued determinations on them, (2) Plaintiffs must administratively exhaust its challenge to the adequacy of the EEOC's production of documents even where the production of documents occurs during litigation, and (3) Plaintiffs failed to comply with the EEOC's fee requirements related to the fourth FOIA request.

## II. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," American Telecom Co., L.L.C. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007) (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," Schultz v. General R.V. Center, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." Gentek Bldg. Products, Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Summary Judgment

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter

3

of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

The EEOC argues that dismissal of the amended complaint under Fed. R. Civ. P. 12(b)(1) or, in the alternative, summary judgment is warranted because Texas Roadhouse failed to exhaust its administrative remedies pursuant to FOIA, 5 U.S.C. § 552(a)(6)(A). Miller v. Federal Elections Commission, 2013 WL 4243044, *4 (S.D. Ohio Aug. 15, 2013)("The exhaustion requirement is considered to be a jurisdictional prerequisite in the Sixth Circuit.") The EEOC maintains that on October 9, 2014, it issued determinations on Plaintiffs' first three FOIA

Requests. The EEOC contends that it released all nonexempt documents responsive to Plaintiffs' request, and accordingly, Plaintiffs' FOIA claims are therefore moot as they no longer present a live case or controversy. The EEOC asserts that if Plaintiffs wished to challenge the adequacy of the EEOC's search or its decision to redact or withhold certain documents, Plaintiffs were required to file an administrative appeal with the EEOC in order to exhaust their administrative remedies before seeking judicial review of these matters.

"District courts have subject matter jurisdiction pursuant to the FOIA 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" Miller, 2013 WL 4243044, *4 (quoting 5 U.S.C. § 552(a)(4)(B)). "To make requests under FOIA, a citizen must follow the agency's published regulations regarding procedures to be followed." Reaves v. Jewell, 2014 WL 6698717, *3 (D. Md. Nov. 26, 2014)(citing 5 U.S.C. § 552(a)(3)(A)(ii); Pollack v. Dep't of Justice, 49 F.3d 115, 118 (4th Cir.1995). "FOIA provides that, subject to certain statutory exemptions, federal agencies shall 'upon any request for records which reasonably describe such records . . . make the records promptly available to any person.'" Id. (citing 5 U.S.C. § 522(a)(3)(A)). "Cases become moot when an agency produces responsive documents." Miller, 2013 WL 4243044, *4 (citing GMRI, Inc. v. E.E.O.C., 149 F.3d 449, 451 (6th Cir. 1998) ("Once the [agency] turned over everything in its possession related to plaintiff's FOIA request, the merits of plaintiff's claim for relief, in the form of production of information, became moot."); Cornucopia Inst. v. U.S. Dep't of Agriculture, 560 F.3d 673, 675 (7th Cir. 2009) (stating that a FOIA claim is moot when the government produces all the documents that the plaintiff requested)). Texas Roadhouse concedes that the EEOC produced documents responsive to its first three FOIA requests on

5

October 9, 2014. Therefore, Texas Roadhouse's claims are moot to the extent that the EEOC has produced documents responsive to FOIA Requests 1 through 3.  Miller,  2013 WL 4243044, *4.

Despite the fact that the EEOC produced documents responsive to the first three FOIA Requests, Texas Roadhouse argues that dismissal of the amended complaint or summary judgment is not appropriate.  First, Texas Roadhouse argues that the EEOC's production of records related to these requests is incomplete and that it has challenged the adequacy of the EEOC's belated production.  Second, Texas Roadhouse argues that it constructively exhausted its administrative remedies by filing suit before the EEOC made any determination or produced any documents.  Accordingly, Texas Roadhouse contends that it was not required to appeal through the administrative process the adequacy of the search, the adequacy of the production of documents, or whether the EEOC wrongfully applied FOIA statutory exemptions to redact and withhold responsive documents.

First, contrary to Texas Roadhouse assertions, the Court finds that Texas Roadhouse did not challenge the adequacy of the EEOC's belated production of documents in its Amended Complaint. Instead, Texas Roadhouse alleges in both the Complaint and Amended Complaint that the EEOC "failed to provide either a determination regarding, or the documents responsive, to Plaintiffs' Funds Request." (Amended Complaint at ¶ 38.) Additionally, Texas Roadhouse alleges that "Plaintiffs have a statutory right to the records sought, and there is no legal basis for EEOC's refusal to release them.  Defendant EEOC's failure to release the requested information violates the FOIA, 5 U.S.C. § 552(a)."  (Id. at ¶ 39; see also id. at ¶¶ 48, 56.)  In fact, Texas Roadhouse's amended complaint was filed on December 5, 2014, over a month and a half after the EEOC issued its determinations as to FOIA Requests 1 through 3.  Texas Roadhouse has not moved to amend the Amended Complaint to state a claim that the EEOC has wrongfully applied

6

statutory exemptions to redact and withhold responsive documents. Instead of amending its complaint, Texas Roadhouse makes the argument for the first time in its Response to the Motion to Dismiss.

Significantly, in response to the motion to dismiss, Texas Roadhouse argues that the cases relied upon by the EEOC generally involve cases that did not challenge the sufficiency of the agency's production during litigation, and therefore, are less persuasive. However, as discussed above, Texas Roadhouse has not challenged the adequacy of the response in its amended complaint. See Taitz v. Colvin, 2013 WL 6623196, *1 (D. Md. Dec. 13, 2013)("[i]f plaintiff takes issue with the adequacy of the SSA's response, she must amend her complaint to add allegations that the SSA's response was deficient."); Reaves v. Jewell, 2014 WL 6698717, *3-*4 (D. Md. Nov. 26, 2014).

Second, Texas Roadhouse argues that it constructively exhausted its administrative remedies by filing suit before the EEOC made any determination or produced any documents, and therefore, it was not required to appeal through the administrative process the adequacy of the search, the adequacy of the production, or whether the EEOC wrongfully applied FOIA statutory exemptions to redact and withhold responsive documents.

The Freedom of Information Act permits a person who has made a FOIA request to file an appeal of adverse determinations. 5 U.S.C. § 552(a)(6)(A). "This statutory scheme requires a plaintiff to exhaust his administrative remedies before proceeding with a FOIA suit in district court. The exhaustion requirement is considered to be a jurisdictional prerequisite in the Sixth Circuit." Miller v. Federal Elections Commission, 2013 WL 4243044, *4 (S.D. Ohio. 2013) (citing Reisman v. Bullard, 14 F. App'x 377, 379 (6th Cir. 2001) (jurisdictional); Fields v. I.R.S., 2013 WL 3353921, *3–5 (E.D. Mich. July 3, 2013) (jurisdictional); but see Hidalgo v. FBI, 344

F.3d 1256, 1259 (D.C. Cir. 2003) (exhaustion requirement applies, but is not jurisdictional)). "The exhaustion requirement provides the federal agency 'an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" Miller, 2013 WL 4243044, *4 (Hidalgo, 344 F.3d at 1259 (citation omitted); citing Percy Squire Co. LLC v. The Federal Communications Commission, 2009 WL 2448011, *4 (S.D. Ohio Aug. 7, 2009) (same)). However, an individual making a FOIA request shall be deemed to have constructively exhausted his administrative remedies if the agency fails to respond within the statutory time limitations. 5 U.S.C. § 552(a)(6)(C)(i). In this case, Texas Roadhouse "actually and constructively exhausted [its] administrative remedies as to [its] original claim that the [EEOC] failed to timely respond" to FOIA Requests 1 through 3. Miller, 2013 WL 4243044, *4.

While it is clear that the constructive exhaustion provision allows a person making a FOIA request to break out of the administrative process and proceed directly to federal court in the face of an unresponsive agency, the difficulty arises when the agency responds after the lawsuit is initiated. As recognized by the district court in Miller, "the FOIA statute does not appear to directly address this situation where a plaintiff exhausted [its] original claim that the agency failed to timely respond to a FOIA request, but then seeks to amend the claim to allege that the agency improperly applied FOIA statutory exemptions when responding to that request after the lawsuit was filed." Miller, 2013 WL 4243044, *5.[1] "Federal courts require a person who submitted a FOIA request to exhaust administrative remedies when the agency responded to the request in an untimely manner, but before a lawsuit was initiated." Id. (citing Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 63–64 (D.C. Cir. 1990); Percy Squire, 2009 WL 2448011, *4.) See also Pollack v. Department of Justice, 49 F.3d 115, 118 (4th Cir. 1995). In Miller, the district

---

[1] As discussed above, Texas Roadhouse has not challenged the adequacy of the response in its amended complaint.

court adopted that same approach where an agency responds to a FOIA request during the pendency of the litigation holding that the plaintiff first should appeal administratively to the agency its decision to redact and withhold certain responsive documents pursuant to statutory exemptions. Miller, 2013 WL 4243044, *5 (citing Muset v. Ishimaru, 783 F. Supp. 2d 360, 372 (E.D.N.Y. 2011)). The district court concluded that "[t]he [agency] should be given the opportunity to use its expertise to review its initial exemption decisions and correct any errors prior to a review by the Court." Id.

Likewise, the district court in Muset v. Ishimaru, 783 F. Supp. 2d 360, 372 (E.D.N.Y. 2011), reached a similar conclusion. Muset initiated a FOIA request on July 28, 2007, and filed a complaint on October 1, 2007 and an amended complaint on January 17, 2008 when he had not received responsive documents. Id. at 366. In May of 2008, the IRS produced 412 responsive documents, including 325 pages with redactions, and withheld 64 responsive documents indicating that it was withholding the information pursuant to FOIA exemptions. Id. The district court found that the FOIA claim was moot to the extent that the plaintiff received responsive documents. Id. at 372. "However, the court also held that Muset had to 'first appeal directly to the IRS before seeking federal relief' to the extent he wished to challenge the IRS regarding the documents that were withheld or redacted." Miller, 2013 WL 4243044, *5 (quoting Muset, 783 F. Supp. 2d at 372 and citing ACLU of Mich. v. F.B.I., 2012 WL 4513626, *4 (E.D. Mich. September 30, 2012) (finding that a plaintiff exhausted the FOIA issues which it asserted in an administrative appeal, but failed to exhaust the FOIA issue-whether the agency had made an adequate records search-which it had not asserted in the administrative appeal)).

After a review of the statute and case law, the Court finds that Texas Roadhouse must first appeal to the EEOC the EEOC's decision to redact or withhold certain documents pursuant

9

to FOIA exemptions. In as much as the complaint and amended complaint could be construed as asserting a claim that the EEOC wrongfully applied exemptions to redact and withhold documents, the Court will dismiss without prejudice Texas Roadhouse's FOIA claims so that Texas Roadhouse first may administratively exhaust those claims.

### B. Reasonable Fee Requirement Letter

An agency may charge a person making a FOIA request reasonable fees for the search, review, and duplication of responsive documents. 5 U.S.C. § 552(a)(4)A)(i). FOIA provides that "each agency shall promulgate regulations . . . specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced." 5 U.S.C. § 552(a)(4)(A)(i). The EEOC promulgated regulations for the calculation and payment of fees. 29 C.F.R. §§ 1610.15, 1610.16. The EEOC's regulations provide that "[t]he Commission shall require payment in full prior to the commencement or continuation of work on a request if . . . [i]t estimates or determines that the allowable charges will exceed $250, unless the requester has a history of prompt payment of FOIA fees, in which case the Commission may obtain satisfactory assurance of prompt payment." 29 C.F.R. § 1610.16(c)(1). See Pollack v. Department of Justice, 49 F.3d 115, 119-120 (4th Cir. 1995).

In its motion to dismiss, the EEOC represents that on November 26, 2014, it sent a letter to Plaintiffs estimating the cost associated with searching for the responsive documents at over $24,500.00 and advised Plaintiffs that the EEOC would not process the request further until Plaintiffs notified the EEOC that they were willing to pay the fees incurred. In response to the motion to dismiss, Texas Roadhouse submits that it did not receive the "reasonable fee requirement" letter and therefore, has not failed to exhaust administrative remedies with respect

to the fourth FOIA request. In reply, the EEOC concedes that the "referenced letter did not actually reach the Commission's headquarters mailroom." (Reply at 9.)  The EEOC argues that regardless of whether Plaintiffs received the November 26, 2014 letter by mail, they did receive a copy of the letter on December 18, 2014, because the letter was attached to the EEOC's motion to dismiss.  The EEOC maintains that to date Plaintiffs have failed to provide any assurance to the EEOC of their willingness to pay the assessed fee.

Given the current status of the fourth FOIA request, as well as the remaining FOIA claims, the Court will dismiss without prejudice Texas Roadhouse's fourth FOIA request claim so that Texas Roadhouse first may respond to the reasonable fee request letter and then administratively exhaust the claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the motion by Defendant, Equal Employment Opportunity Commission, to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for summary judgment under Fed. R. Civ. P. 56 [DN 6] is **GRANTED**.  The Court dismisses Plaintiffs' FOIA claims **without prejudice** to refiling such claims after administrative remedies have been exhausted.  Plaintiffs may pursue administrative appeals from the EEOC's responses related to the first three FOIA requests within 60 days from the entry of this opinion.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

March 3, 2015